IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:07CR209 |
| v. ) | |
| ) | Hon. T.S. Ellis, III |
| WILLIAM J. JEFFERSON, ) | |
| ) | Motions Hearing: October 12, 2007 |
| Defendant. ) | |

**GOVERNMENT OPPOSITION TO DEFENDANT'S MOTION FOR
REVIEW OF GRAND JURY MATERIALS AND TO DISMISS**

The United States of America, by its attorneys, Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, and Mark D. Lytle and Rebeca H. Bellows, Assistant United States Attorneys, and Charles E. Duross, Special Assistant United States Attorney, respectfully submits this Opposition to Defendant's Motion for Review of Grand Jury Materials and to Dismiss (hereinafter referred to as "Defendant's Motion" or "Motion").

**I.    Introduction**

On June 4, 2007, a duly empaneled federal grand jury sitting in the Eastern District of Virginia returned a 16-count criminal indictment charging defendant William J. Jefferson with conspiracy, soliciting bribes, deprivation of honest services, agreeing to bribe foreign government officials, money laundering, obstruction of justice and violating the Racketeering Influenced Corrupt Organization ("RICO") statute.

Defendant Jefferson has moved this Court for permission to review all grand jury transcripts, or in the alternative, for the Court to undertake an *in camera* review of all grand jury transcripts, in order to determine whether information protected by the Speech or Debate Clause of the Constitution was impermissibly presented to the grand jury.  Despite the caption of his

Motion, he is not moving at this time to dismiss the Indictment based on Speech or Debate Clause grounds. In fact, the defendant has not challenged a single specific allegation contained within the Indictment as based on the Speech or Debate Clause, simply because there is nothing to challenge.[1] Furthermore, the thrust of the Indictment and the government's case focuses on Defendant Jefferson's performance of non-legislative official acts, which are not Speech or Debate protected, on behalf of companies which Defendant Jefferson solicited for bribes. *United States v. Brewster*, 408 U.S. 501, 512 (1972). Likewise, legislative acts will have no bearing on the government's proof at trial.

Having made no challenge to the face of the Indictment, Defendant Jefferson now seeks review of "all grand jury transcripts" Mot. at 12. As a basis for his Motion, Defendant Jefferson cites his knowledge that a number of current and former staff members have appeared before the grand jury. Defendant Jefferson further concludes that since they are well versed in his

---

[1] In his motion to dismiss bribery counts, Defendant Jefferson states that "despite the expansive scope of the investigation and the 280 paragraphs amassed in the charging document" "DOJ" has failed to allege one "official act," which Defendant Jefferson narrowly defined as "sponsoring or voting for particular pieces of legislation, authorizing appropriations, earmarks, or private bills . . . or exercising any of the powers set forth in Article I, Section 8 of the Constitution." Mot. at 1 and 2. These are official acts that are legislative in nature and enjoy the full protection of the Speech or Debate Clause, unlike non-legislative official acts. The corollary to that statement is that Defendant Jefferson apparently believes that no references to legislation or other materials protected by the Speech or Debate Clause are contained on the face of the Indictment.

Defendant Jefferson also acknowledges that the mere reference of Defendant Jefferson's status as a Member of Congress and certain committees is not violative of the Speech or Debate Clause. "The Speech or Debate Clause permits proof of a defendant's status as a member of a congressional committee or as a holder of a committee leadership position. *United States v. McDade*, 28 F.3d 283, 290-91 (3d Cir.1994). Nevertheless, Defendant Jefferson persists: "the fact that the indictment includes references to Mr. Jefferson's committee status is enough to suggest that legislative activity was considered by the grand jury and to warrant review of the grand jury materials here." Mot. at 8.

legislative activities related to African trade issues, "it would have assisted the government's efforts to . . . make the grand jury aware of the types of legislation he considered." Mot. at 9.[2] In addition, Defendant Jefferson points to undercover recordings of conversations between Brett Pfeffer and a cooperating witness ("CW") as evidence that Pfeffer spoke of matters that are protected by the Speech or Debate Clause, that "it is very likely that Pfeffer . . . testified before the grand jury[,]" and that the grand jury may have been permitted to listen to "some or all of the recorded conversations in which these matters were discussed." Mot. at 11.  The government has reviewed the selected transcripts of Pfeffer's recorded conversations set forth on pages 10 and 11 of Defendant Jefferson's Motion and can see no basis for the claim that they contain materials protected by the Speech or Debate Clause.[3]  Accordingly, Defendant Jefferson's conclusion that

---

[2] It comes as no surprise that Defendant Jefferson has a great deal of information about the investigative steps taken by the grand jury in this matter.  The Office of the General Counsel for the U.S. House of Representatives ("House Counsel") provided much assistance to Defendant Jefferson during the pendency of this investigation.  House Counsel represented all former and current staff members of the defendant, except Pfeffer.  During the course of the investigation, House Counsel notified defendant's counsel when certain staff members had been subpoenaed to come before the grand jury, and made them available to be interviewed by counsel for the defendant either immediately prior to or following their testimony.

In addition, House Counsel transmitted copies of non-public grand jury subpoenas to counsel for the defendant on at least two occasions.  *See* Exhibits 4 and 5, attached to Defendant's Motion to Suppress Evidence Seized at Marengo Street Home.  These exhibits demonstrate that House Counsel transmitted to counsel for the defendant copies of grand jury subpoenas served upon two of its clients:  the Office of the Chief Administrative Officer and a staff member.  Those grand jury subpoenas sought documents and records related to a number of individuals and entities described in the subpoena attachments and would have been invaluable for Defendant Jefferson's attorneys in monitoring the status and progress of the otherwise non-public grand jury investigation.

[3] Pfeffer pleaded guilty to both substantive and conspiracy counts alleging the bribery of a Public Official - Defendant Jefferson.  Pfeffer's discussion of the defendant's committee assignments as a basis for his influence in Africa are not protected by the Speech or Debate Clause as discussed in *McDade* at 290-91 and n.2, *supra*.  Even if Pfeffer's references to the

"there is at least some reason" that Speech or Debate materials were presented before the grand jury is entirely based upon a determination that his staff members, Brett Pfeffer, and Pfeffer's recorded conversations were all presented before the grand jury. Mot. at 11.  The defendant has made no logical connection between the appearance of the staff members before the grand jury and any testimony regarding legislative acts, as that term is understood pursuant to the Speech or Debate Clause.

Of course, staff members would have been questioned about introductory and preliminary matters such as job title, job description, areas of specialty, which may have included areas of legislation they were assigned to cover.  But these generic topics have nothing to do with Speech or Debate protected materials. *See generally, United States v. Brewster*, 408 U.S. 501, 512 (1972). As discussed above, neither the Indictment nor the government's case theory requires the admission at trial of materials protected by the Speech or Debate Clause because the allegations of misconduct involve Defendant Jefferson's solicited or actual exchange of the performance of his official "non-legislative" acts in return for bribes paid by constituent companies and businesspersons.

---

influence Defendant Jefferson had over Nigerian officials could be considered legislative, albeit general and not specific, it still would not be protected by the Speech or Debate Clause under *McDade*.  Such evidence should be admissible against Defendant Jefferson, "not to show that he actually performed any legislative acts, but to show that he was thought by those offering him bribes and illegal gratuities to have performed such acts and to have the capacity to perform other similar acts."  *McDade* at 293.  Pfeffer's recorded conversation with CW in March 2005 came after Pfeffer was involved in forwarding bribe solicitations from Defendant Jefferson to CW in 2004.  The March 2005 conversations focused on by Defendant Jefferson took place in the context of why they (Pfeffer and CW) needed Defendant Jefferson in the future, knowing he had solicited bribes in the past.

Out of an abundance of caution and as a result of the claims set forth in the defendant's Motion, the Government nonetheless has taken several precautionary steps. First, the Government has informed Defendant Jefferson that Pfeffer did not testify before the grand jury. Second, the Government has disclosed to defendant's counsel that none of the taped conversations Pfeffer participated in were played before the grand jury - removing Pfeffer as a source of concern that Speech or Debate matters were presented in the grand jury. Finally, the Government has decided to make the grand jury transcripts of Defendant Jefferson's staff members available to defense counsel at this time for the limited purpose of enabling him to review them for Speech or Debate Clause material. To be clear, the Government does not believe that any of these measures were mandated by any governing legal authority. Rather, the Government has decided to proceed in this way in order to confirm for this Court and counsel the careful and cautious manner in which the Government conducted itself. Also, the Government believes these precautionary measures will expedite the ongoing pretrial matters and, for example, avoid any last minute motions to dismiss based on Defendant Jefferson's review of these materials when his counsel would likely receive them 21 days prior to trial pursuant to the Jencks Act and the Agreed Discovery Order entered in this case.

Despite these significant accommodations by the Government and without any reasonable basis presented, counsel for Defendant Jefferson remains unbowed in seeking "all" grand jury transcripts for review by him or *in camera* by the Court. Accordingly, the government opposes Defendant Jefferson's unsupported efforts in this matter and views this Motion as an inappropriate attempt to gain wholesale examination of the Government's evidence and legal theories.

## II. The Defendant is not Entitled to Review of all Grand Jury Transcripts, *In Camera*, or Otherwise

The defendant has motioned this Court to be allowed to review all grand jury transcripts or, in the alternative, have the Court conduct an *in camera* review, purportedly in order to determine whether the Indictment in this case was returned based on evidence of legislative act activities. Under Fed. R. Crim. P. 6(e)(3)(E)(ii), in order to obtain disclosure of grand jury material, a defendant must demonstrate that "grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." In this case, Defendant Jefferson must show, first, that evidence violating his Speech or Debate privilege was presented to the grand jury; and, second, that presentation of any such privileged materials would constitute a sufficient legal basis for a motion to dismiss the Indictment. The defendant has made neither showing.[4] Pursuant to *United States v. Nguyen*, 314 F. Supp. 2d. 612, 616 (E.D. Va. 2004), this Court has held that "a defendant seeking disclosure of grand jury information under Rule 6(e)(3)(E)(ii) bears the heavy burden of establishing that 'particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal.'" *See, e.g. United States v. Brewster*, 408 U.S. at 526 ("taking a bribe is obviously no part of the legislative process or function; it is not a legislative act.").

The defendant is unable to identify a single allegation in the Indictment that even arguably violates his Speech or Debate privilege. This should come as no surprise to him because neither the allegations contained in the Indictment nor evidence to be presented at trial

---

[4] In this case, because Defendant Jefferson is seeking disclosure for purposes of his motion to dismiss, under Fed. R. Crim. P. 6(e)(3)(E)(ii) he must make a more specialized showing than a "particularized need" that outweighs the policy of grand jury secrecy.

involve protected materials because Defendant Jefferson stands accused of, among other things, exchanging official "non-legislative" acts in return for bribes to be paid by constituent companies and businesspersons.

Undaunted by his inability to uncover any violations of his privilege on the face of the 94-page Indictment, the defendant asks the Court to allow him to go exploring through all grand jury transcripts "in order to determine whether information protected by the Speech or Debate Clause . . . was impermissibly presented to the grand jury." Mot. at 1. Out of an abundance of caution, the Government has made grand jury transcripts of staff members available to counsel for the defendant and informed counsel that Pfeffer did not appear before the grand jury and that tape recordings of Pfeffer's conversations were not played before the grand jury. The Government assumed these disclosures would satisfy any basis, even potential, that the defendant had for looking past the Indictment in this case. However, as discussed above, the defendant remains unbowed, and continues to seek access to all grand jury transcripts.

Because the investigation had nothing to do with "legislative" activities, it was unnecessary to present to the grand jury any materials that might implicate the Speech or Debate Clause. The government is unaware of any privileged material being presented to the grand jury. The defendant suggests there is "good reason to believe" that the government presented evidence of "Mr. Jefferson's legislative activities" to the grand jury most likely through his staff members. Mot. at 1. As the government referenced above, staff members would have been questioned about introductory and preliminary matters such as job title, job description, areas of specialty, which may have included areas of legislation they were assigned to cover. But these generic topics have nothing to do with the protections intended to be provided by the Speech or Debate

Clause.

Since the Indictment on its face raises no Speech or Debate problems, and the defendant has come forward with nothing to justify going beyond the Indictment, this Court should not permit a breach of the "long-established policy" in favor of grand jury secrecy. *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 399 (1959); *United States v. Proctor & Gamble Co.,* 356 U.S.677, 681 (1958).[5]  A presumption of regularity attaches to grand jury proceedings,[6] and an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is sufficient to call for a trial of the charges on the merits.  *Costello v. United States,* 350 U.S. 359, 363 (1956).

### III.     Dismissal of the Indictment is Inappropriate Even if Some Incidental or Unsolicited Speech or Debate Evidence was Inadvertently Introduced in the Grand Jury

Even if the defendant could demonstrate that some incidental or unsolicited Speech or Debate evidence was inadvertently introduced in the grand jury, dismissal of the indictment would still be inappropriate. Consequently, under Fed. R. Crim. P. 6(e)(3)(E)(ii), there would be no justification to order disclosure of the grand jury transcripts.

The Fourth Circuit has made clear that it is inappropriate to dismiss a facially valid indictment even where privileged Speech or Debate materials were presented to the grand jury. *United States v. Johnson,* 419 F.2d 56, 58 (4th Cir. 1969), *cert. denied,* 397 U.S. 1010 (1970).

---

[5]*In camera* review of grand jury proceedings is by no means an ordinary function of a trial court. Not only is it burdensome, it is an intrusion upon the historical independence of the grand jury. See *United States v. Williams,* 112 S. Ct. 1735, 1742 (1992) (emphasizing the grand jury's "functional independence from the judicial branch").

[6]*See, e.g., United States v. Leverage Funding Systems, Inc.,* 637 F.2d 645 (9th Cir. 1980), *cert. denied,* 452 U.S. 961 (1981)*;  In re Grand Jury Proceedings,* 486 F.2d 85, 92 (3d Cir. 1973).

-8-

Representative Johnson challenged his conviction on the ground that the grand jury had been "biased" by the evidence of a speech on the floor of the House of Representatives introduced in violation of his Speech or Debate privilege. Even though "the government conceded that testimony concerning the speech constituted about 17 percent of all grand jury testimony," the Fourth Circuit rejected the defendant's challenge. *Id.* at 59. The appellate court specifically upheld the district court's denial of Representative Johnson's request for the grand jury testimony regarding his speech. The court reasoned that "[t]he count of the indictment that dealt with the speech was dismissed (prior to trial], and the speech played no part in the proof of the remaining counts." *Id.* at 58. Thus, even though Speech or Debate materials were presented to the grand jury, Representative Johnson was not "prejudiced" by this violation. In essence, the grand jury indictment did not rely on privileged materials, and privileged materials were not used to try the defendant. *See also*, *United States v. Dowdy*, 479 F.2d 213, 224 (4th Cir. 1973) ("it does not follow that counts one and two should be dismissed because of the inclusion of [Speech or Debate evidence] . . . the offending overt acts could have been stricken and the counts would still be legally sufficient").

Other courts are in sync with the Fourth Circuit's view on this issue. *See, e.g.*, *United States v. Johnson*, 383 U.S. 169, 185 (1966) ("With all references to [privileged materials] eliminated [from the indictment], we think the Government should not be precluded from a new trial on this count."); *United States v. Rostenkowski*, 59 F.3d 1291, 1300-1301 (D.C. Cir. 1995) (as long as the indictment is valid, "the Speech or Debate Clause does not require pre-trial review of the evidence to be presented at trial," because the defendant "can obtain [appropriate] relief by objecting to the introduction of Speech or Debate material at such point(s) in the trial as

the Government may propose to put protected material into evidence"); *United States* v. *McDade*, 28 F.3d 283, 300 (3d Cir. 1994) (Alito, J.) (even if two overt acts were alleged in violation of the Clause, "numerous other overt acts" supported the indictment), *cert. denied*, 514 U.S. 1003 (1995); *United States* v. *Myers*, 635 F.2d 932, 941 (2d Cir.) (dismissal not required although grand jury "heard some evidence of legislative acts that is privileged by the Speech or Debate Clause"), *cert. denied*, 449 U.S. 956 (1980); *cf. United States* v. *Helstoski*, 635 F.2d 200, 205 (3d Cir. 1980) (dismissing indictment where "improper introduction of privileged matter permeated the whole proceeding").

## VI.    Conclusion

The defendant has made no showing that the Indictment contains any references to Speech or Debate materials on its face. Defendant Jefferson speculates that his staff members' testimony may have contained such materials but is not satisfied with reviewing those grand jury transcripts.

At any rate, even if it could be shown that some of the evidence presented to the grand jury violated the Speech or Debate Clause, dismissal of the Indictment is not appropriate. Consequently, because Defendant Jefferson is unable to demonstrate any legal basis to dismiss

the Indictment, his request for review of all grand jury transcripts by him or *in camera* by the Court must be rejected.

        Respectfully submitted,

        Chuck Rosenberg
        United States Attorney

By:        /s/
        Mark D. Lytle
        Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Phone:   703-299-3700
        Fax:     703-299-3981
        Mark.Lytle@usdoj.gov

        /s/
        Rebeca H. Bellows
        Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Phone:   703-299-3700
        Fax:     703-299-3981
        Becky.Bellows@usdoj.gov

        /s/
        Charles E. Duross
        Special Assistant U.S. Attorney
        Attorney for the United States
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Phone:   703-299-3700
        Fax:     703-299-3981
        Charles.Duross@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 28th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

                Robert P. Trout
                Trout Cacheris, PLLC
                1350 Connecticut Avenue, N.W.
                Suite 300
                Washington, D.C.  20036
                rtrout@troutcacheris.com

                /s/
                Mark D. Lytle
                Assistant United States Attorney
                United States Attorney's Office
                2100 Jamieson Avenue
                Alexandria, VA 22314
                Phone:   703-299-3768
                Fax:     703-299-3981
                Mark.Lytle@usdoj.gov