FILED
MAR 19 2008
CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:07cr209 |
| ) | |
| WILLIAM J. JEFFERSON ) | |
| Defendant. ) | |

### ORDER

This matter is before the Court on motions by the government and the defendant to supplement the record on appeal. Defendant has appealed a February 6, 2008 Order denying defendant's motion for review of grand jury materials. *United States v. Jefferson*, 1:07cr209 (E.D. Va. Feb. 6, 2008) (Order); *United States v. Jefferson*, 1:07cr209 (E.D. Va. Feb. 13, 2008) (Memorandum Opinion). Both parties now seek to supplement the appellate record with grand jury transcripts that were not reviewed prior to issuance of the February 6, 2008 Order. For the reasons stated below, the government's motion must be granted and defendant's motion must be denied.

The November 30, 2007 Order denying defendant's motion for review of grand jury materials ordered the government "to provide the Court for *in camera* review those portions of the grand jury record that have not been provided to the defendant." *United States v. Jefferson*, 1:07cr209 (E.D. Va. Nov. 30, 2007) (Order). The government subsequently made four under seal submissions of material presented to various grand juries for the purpose of obtaining an indictment in this matter. At a hearing on February 6, 2008, the government stated that these submissions represented all of the grand jury material in their possession that had not been provided to defendant. At the

1

conclusion of that hearing an Order issued from the bench reflecting the Court's determination that the grand jury materials submitted by the government contained no materials privileged by the Speech or Debate Clause. *United States v. Jefferson*, 1:07cr209 (E.D. Va. Feb. 6, 2008) (Order); *see also United States v. Jefferson*, 1:07cr209 (E.D. Va. Feb. 6, 2008) (Memorandum Opinion). Defendant subsequently noticed an interlocutory appeal of this Order.

The government now concedes that it inadvertently overlooked one transcript of grand jury testimony that should have been submitted to the Court pursuant to the November 30 Order. The government now seeks to supplement the record on appeal with this one further transcript of grand jury testimony. As defendant does not object to this, and because inclusion of the transcript satisfies the November 30 Order, it is appropriate to add this transcript to the record on appeal. With the addition of this final transcript, the record on appeal will now consist of all the grand jury testimony that was not provided to the defendant that was reviewed *in camera* by the Court.

Defendant also seeks to supplement the record on appeal with two groups of documents. First, defendant seeks inclusion of those grand jury transcripts that the government made available to defense counsel for their review as an accommodation. The November 30 Order did not require submissions of these transcripts for *in camera* review because they had been reviewed by defense counsel, and defense counsel's factual representations as to their content were accepted for purposes of the Speech or Debate Clause analysis. As these transcripts were not reviewed *in camera* by the Court, and as there is no good cause for the Court to do so, there is similarly no good cause to add these transcripts to the record on appeal. In essence, these transcripts were not a part of the government's *in camera* submission, nor were they ever intended to be a part of the government's

*in camera* submission. Defendant's counsel were given an opportunity to review these transcripts, and their representations regarding the contents of these transcripts were accepted as true. The February 6, 2008 Order specifically addresses defendant's objections to the contents of each of the transcripts as characterized by defendant. There is accordingly no reason to include these transcripts in the record on appeal.

In his response to the government's motion, defendant also asks that the record on appeal be supplemented by the inclusion of the government's instructions and remarks to the grand jury. According to the government, these portions of the grand jury proceedings are not normally transcribed and were not transcribed in this instance. Moreover, the *in camera* review conducted in this matter was discretionary because neither the contents of the indictment nor any materials presented by defendant provide any reason to believe that any Speech or Debate Clause material was presented to the grand jury nor relied on by it in issuing the indictment. Defendant's argument amounts to a claim that whenever a Member of Congress is indicted the entire grand jury record must be reviewed even where, as here, there is no reason to believe either from the contents of the indictment or otherwise that Speech or Debate material was presented to or relied upon by the grand jury. There is no warrant for such a claim, and as such defendant's request must be denied.

Accordingly, for the reasons stated herein, and for good cause,

It is **ORDERED** that the government's motion to supplement the record on appeal is **GRANTED**. The supplemental grand jury transcript has been reviewed and reveals no Speech or Debate Clause material.

It is further **ORDERED** that defendant's motion to supplement the record on appeal is

**DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
March 19, 2008

_____
T. S. Ellis, III
United States District Judge